# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CARL WATKINS,                          )
                                       )
            Movant,                    )
                                       )
      v.                               )          No. 4:12-CV-1034-CDP
                                       )
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Carl Watkins to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. #1]. Also before the Court is respondent's "Motion to Dismiss and Hold Show Cause Order in Abeyance Pending Ruling on Motion to Dismiss" [Doc. #2]. For the reasons set forth below, the Court will deny respondent's motion to dismiss and will order movant to show cause as to why this action should not be dismissed as untimely.

### Background

On August 11, 2005, after pleading guilty to one count of attempted bank robbery and one count of bank robbery in violation of 18 U.S.C. § 2113(a), movant was sentenced to thirty months' imprisonment and three years of supervised release. *U.S. v. Watkins*, No. 4:05-CR-38-CDP (E.D. Mo.). Movant

did not file a direct appeal.   On September 9, 2008, movant's supervised release was revoked, and he was sentenced to four months' imprisonment and two years of supervised release.  The instant action is movant's first motion to vacate, set aside, or correct his 2005 sentence pursuant to § 2255.

Movant seeks to vacate, set aside, or correct his 2005 conviction and sentence on the grounds of (1) ineffective assistance of counsel for failing to file a direct appeal of an issue that counsel deemed to be futile;[1] and (2) the government's subsequent breach of the plea agreement on February 22, 2011. Concerning the second ground, movant states that his 2005 plea agreement provided that "if [he] was to succumb to any subsequent future federal charges [his bank robbery conviction] would not be used as a part of his criminal history in the future."  Movant claims that, on February 22, 2011, in a subsequent federal criminal action concerning plaintiff's 2009 robbery of a federally-insured institution in violation of 18 U.S.C. § 2113(a), *see U.S. v. Watkins*, No. 4:10-CR-

---

[1]Movant states that he had asked his appointed counsel to ascertain whether the United States Attorney "was instructed by his superiors at the Department of Justice to initiate and continue federal prosecution under § 2113(a) for robbery of a private bank."  Movant further asserts, "I instructed [my attorney] to file a direct appeal on my behalf, rebutting authorization and approval. [My attorney] stated [that] 'the government did not need authorization and approval to prosecute bank robberies, and it would be futile to appeal that issue.  Therefore, I don't think it's a good idea . . . ,' and thus failed to appeal."

50-HEA (E.D. Mo.), the United States Attorney breached the 2005 plea agreement by recommending that the Court adopt a criminal history category which included an additional three points for movant's prior 2005 bank robbery conviction.

**Discussion**

In its motion to dismiss, respondent argues that the instant action is movant's second § 2255 motion to vacate, and that his original motion to vacate is still pending in *Watkins v. U.S.*, No. 4:11-CV-1118-HEA (E.D. Mo.). The Court's records indicate that the pending habeas action in *Watkins*, No. 4:11-CV-1118-HEA, is a challenge to the February 22, 2011 judgment imposed in *Watkins*, No. 4:10-CR-50-HEA. The case presently before this Court, *Watkins*, No. 4:12-CV-1034-CDP, however, is a challenge to the August 11, 2005 judgment imposed in *Watkins*, No. 4:05-CR-38-CDP. As such, the instant § 2255 motion is not successive, and respondent's motion to dismiss will be dismissed.

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and is subject to summary dismissal. Movant's conviction became final in August 2005, and it appears that movant was aware at that time that his counsel did not file a direct appeal. In addition, the alleged breach of movant's 2005 plea agreement occurred on February 22, 2011. The instant motion to vacate, however, was not signed until June 5, 2012. Thus, it appears that the instant motion to vacate is untimely. *See* Fed.R.App.P.4(b).

Before taking any further action, the Court will give movant the opportunity to present reasons why the instant § 2255 motion should not be dismissed as time-barred. Movant is warned that if he does not respond to this Order by the deadline set forth below, his motion will be dismissed without further notice to him.

Respondent will not be ordered to respond to the motion to vacate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that respondent's "Motion to Dismiss and Hold Show Cause Order in Abeyance Pending Ruling on Motion to Dismiss" [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that that movant shall show cause in writing within thirty (30) days of the date of this Order as to why his motion to vacate should not be dismissed as untimely.

Dated this 2nd day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE