UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARL WATKINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-1034-CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of movant's response to this Court's August 2, 2012, Memorandum and Order, instructing him to show cause as to why the Court should not dismiss the instant motion to vacate, set aside, or correct sentence as time-barred [Doc. #6]. Having carefully reviewed the response, the Court concludes that movant's arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255(1).

In his response to show cause, movant states that, although he was aware in 2005 that his trial counsel did not file a direct appeal, movant's failure to file a timely habeas motion for ineffective assistance of counsel should be excused, because "at that time, [he] did not know how to file a 2255 motion himself." Equitable tolling of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period for filing a petition for writ of habeas corpus in federal court requires "extraordinary circumstances." Movant's claim relative to the untimeliness of the instant action does not establish extraordinary

circumstances required for equitable tolling. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition).

In addition, movant asserts that although the United States allegedly breached the 2005 plea agreement on February 22, 2011, he did not enter the Bureau of Prisons until August 17, 2011. Movant asks that the Court start the one-year limitations period for filing the instant § 2255 action on August 17, rather than February 22. The AEDPA's one-year statute of limitations is mandatory, and the Court must start the running of the limitations period from the date movant became aware of the alleged breach of his plea agreement, which was February 22, 2011. Movant had one year from that date to file the instant action, but he failed to do so.[1]

Movant further claims that he was confined at the Missouri Reception and Diagnostic Correctional Center from March 2, 2011 to July 14, 2011, and he was in federal transit from July 14, 2011 to August 17, 2011, "which is a total of six months without proper access to the necessary law materials needed for [him] to file for relief in the instant motion to vacate." Even assuming movant's contentions to be true, they do not justify the untimely filing of the instant action. *Cf. Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999)(equitable tolling based on confinement in psychiatric ward denied where petitioner still had over six months to complete his federal habeas petition after his return to his usual

---

[1] The instant motion to vacate bears a signature date of June 5, 2012.

2

quarters).

Last, based upon the exhibits movant has attached to his response to show cause, movant seems to be asserting that the statute of limitations should be equitably tolled, because he was suffering from major depression on February 17, 2011. The mere fact that movant suffered from severe depression in February 2011 does not, in and of itself, justify his failure to file a timely habeas petition within the one-year limitations period. *See Lake v. Arnold,* 232 F.3d 360, 371 (3d Cir. 2000)(mental incompetency by itself is not a per se reason to toll statute of limitations); *cf. Fisher v. Johnson*, 174 F.3d at 714-15 (equitable tolling based on 17-day confinement in psychiatric ward denied where petitioner still had over six months to complete his federal habeas petition after his return to his usual quarters). Finding no grounds for equitable tolling, the Court will dismiss this action as time-barred.

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because the instant 28 U.S.C. § 2255 motion is time-barred.

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2012.